UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANTONIA ROSADO, et als.,
    Plaintiffs,

v.

JOSE GUILLERMO RODRIGUEZ, et al.,
    Defendants.

CIVIL NO. 98-1065 (DRD)
Consolidated with Civil No. 98-1557; Civil No. 98-1477; and Civil No. 99-1004

## OPINION AND ORDER

Plaintiffs are former employees of the Municipality of Mayaguez, Puerto Rico. They filed this action, on January 28, 1998, pursuant to 42 U.S.C. § 1983, claiming their positions as municipal employees were terminated due to political reasons. Before the Court are two motions for Summary Judgment filed by Defendants (Docket Nos. 62 & 64); and, additionally, Defendants' Motion to Dismiss (Docket No. 63). This matter was referred to Magistrate Judge Gustavo Gelpi. Magistrate Gelpi issued a Report and Recommendation ("R & R"), on March 14, 2002 (Docket No. 84). For the reasons stated below, the Court accepts and adopts *in toto* the Magistrate's unopposed R & R.[1] Therefore, the Court hereby **GRANTS** Defendants' motions, and **DISMISSES** these consolidated cases **WITH PREJUDICE.**

---

[1] Through marginal order, the Court denied Plaintiffs' motion for extension of time to file objections (the R & R granted ten (10) days to file objections and the Court had forewarned Plaintiff prior to expiration date that no extensions would be granted through its law clerk). (Docket No. 85).

I

The District Court may refer dispositive motives to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); FED.R.CIV.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. See Mathews v. Weber, 423 U.S. 261 (1976). Of course, an adversely affected party may contest the Magistrate's report and recommendation by filing its objections **within ten (10) days after being served a copy thereof.** See Local Rule 510.2(A); FED.R.CIV.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1) (1993), in pertinent part, provides that:

> Within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

In the instant case, the R & R correctly and clearly points out that any objections to the MRR must have been filed with the Clerk of Court "within ten (10) days afer being served with a copy thereof." Local Rule 510.2; see Local Rule 510.2(A); see also 28 U.S.C. § 636(b)(1). Further, the "written objections [] shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objections." Local Rule 510.2. "Failure to file objections within the specified time waives the right to appeal the District Court's order." Local Rule 510.2(A); see United States v. Mitchell, 85 F.3d 800, 803 (1st Cir. 1996); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986). "Absent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation

waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992). See also Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). See generally United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

In the instant case, because the R & R is unopposed,[2] the Court need only satisfy itself that there is **no plain error** on the face of the record in order to accept it. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1419 (5th Cir. 1996)(en banc)(extending the deferential "plain error" standard of review to the unobjected to legal conclusions of a magistrate judge); Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. 1982)(en banc)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); Nogueras-Cartagena v. United States, 172 F.Supp.2d 296, 305 (D.Puerto Rico 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); ; Garcia

---

[2] See footnote No. 1., ibid.

v. I.N.S., 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)( "when no objections are filed, the district court need only review the record for plain error").

On November 2, 2001 this Court referred this matter to U.S. Magistrate Gustavo Gelpi for a Report and Recommendation. (Docket No. 82). On March 14, 2002, Magistrate Gelpi, in a well founded report, recommended to the Court that Defendants' motions be granted. (Docket No. 84). The Court has closely examined the Magistrate's R & R and concludes that it contains **no plain error.**

### III

There are several reasons justifying dismissal of this case. The Court finds, first of all, that Defendants' motion to dismiss should be granted with respect to eighteen (18) plaintiffs who failed to appear at a scheduled deposition. The Court must emphasize from the outset that Rule 37 of the FEDERAL RULES OF CIVIL PROCEDURE provides in pertinent part that:

> If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of interrogatories, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may [issue various orders, including:]
>
>    . . . .
>
> (b)(2)(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, **or dismissing the action or proceeding or any part thereof,** or rendering a judgment by default against the disobedient party.

FED. R. CIV. PROC. 37(d) & 37(b)(2)(C)(emphasis added). Furthermore, there is "nothing in the rule that states or suggests that the sanction of dismissal can be used only after all the other sanctions

4

[available under Rule 37] have been considered or tried." Damiani v. Rhode Island Hosp., 704 F.2d 12, 15 (1st Cir. 1983); Guex v. Allmerica Financial Life Ins. & Annuity, 146 F.3d 40, 43-44 (1st Cir. 1998).

Moreover, a party's attendance at a duly noticed deposition is always required, "unless the party failing to act has a pending motion for a protective order," FED. R. CIV. PROC. 37(d), or unless the court in which the action is pending has already issued a protective order under FED. R. CIV. PROC. 26(c). In any case, a party cannot unilaterally decide that he or she is not going to attend a duly-noticed deposition. See Aetna Caualty and Surety Co. v. Rodco Autobody, 130 F.R.D. 2 (D. Mass. 1990); Goodwin v. City of Boston, 118 F.R.D. 297 (D. Mass. 1988). Accordingly, dismissal can be –as it is here– an appropriate means of sanctioning parties that demonstrate "a troubling lack of respect for the judicial process by failing to appear" at depositions without explanation. Guex, 146 F.3d at 43-44; see generally National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976)(severe sanctions must be available, "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent"). Furthermore, the deposition would have to be taken outside the discovery time limits established by the Court (before January 25, 2001, Docket No. 52), and hence, as stressed by the Honorable Magistrate Judge Gelpi, the case should be dismissed for noncompliance with a Court order, pursuant to FED.R.CIV.P. 41(b). Angulo-Alvarez v. Aponte De La Torre, 170 F.3d 241, 251 (1st Cir. 1999).

Therefore, the Court fully agrees with the R & R that dismissal is entirely proper with respect the eighteen (18) plaintiffs that, without justification, failed to appear at a duly notified deposition.

5

As such, Defendants' motion to dismiss is granted. (Docket No. 63). But other compelling reasons justify dismissal, not only with respect to these uncooperative plaintiffs, but also with respect to the remaining plaintiffs.

With respect to Defendants' motions for **Summary Judgment**, the Court echoes the R & R, which restates a well-known principle; namely, that "a district court [is] entitled to insist upon compliance with its local rule." Corey v. Mast Road Grain & Bldg. Materials Co., Inc., 738 F.2d 11, 12 (1st Cir. 1984); see also United States v. Proceeds of Sale of 3,888 Pounds Atlantic Sea Scallops, 857 F.2d 46 (1st Cir. 1988). And in order to aid the Court in the daunting task of searching for genuine issues of material fact in the record when summary judgment is sought, this Court has adopted Local Rule 311.12. Said Rule provides that:

> Upon any motion for summary judgment, there shall be served and filed annexed to the motion a separate, short concise statement of material facts as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, properly supported by specific reference to the record.
> All material facts set forth in the statement required to be served by the moving party **shall be deemed to be admitted unless controverted by the statement required to be served by the opposing party.**
> **The papers opposing a motion for summary judgment shall include a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, properly supported by specific reference to the record.**

See Local Rule 311.12 (emphasis added).

Full compliance with Local Rule 311.12 by both the moving **and opposing party** is pivotal, given that, when addressing a motion for summary judgement, the Court shall consider only the facts alleged in the annexed 311.12-statements. See Rivera de Torres v. Telefonica de Puerto Rico, 913 F.Supp. 81 (D.P.R. 1995). Moreover, the First Circuit Court of Appeals has repeatedly emphasized the importance of anti-fereting rules such as Local Rule 311.12, and encouraged their compliance.

See Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33 (1st Cir. 2001); Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 927 (1st Cir. 1983). Indeed, with reference to said rule, that Court has reiterated the axiom that "parties ignore [it] at their own peril," and that "failure to present a statement of disputed facts, **embroidered with specific citations to the record**, justifies deeming the facts presented in the movant's statement of undisputed facts admitted." Id. (citing Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000))(emphasis added); see also, Corrada Betances v. Sea-Land Service, Inc., 248 F.3d 40, 43-44 (1st Cir. 2001).[3]

The Court is well aware that "[d]ismissal with prejudice is a harsh sanction, ... which should be employed only when a plaintiff's misconduct has been extreme, ... and only after the district court has determined that none of the lesser sanctions available to it would truly be appropriate." Estate of Solis-Rivera v. United States, 993 F.2d 1, 2 (1st Cir.1993). However, **the Court explicitly makes such a finding herein**. Plaintiff has failed to fully comply with Local Rule 311.12. Therefore, dismissal is firmly founded in this case in view of Plaintiff's gross disregard of the Local Rules. The Court is simply not obligated to sift through a two-hundred and fifty-six (256) page record in order to squeeze out each and every one of the relevant facts which could support Plaintiffs' claims.

The Court has examined the record and agrees with the R & R that the moving parties, that is, the Defendants, properly filed two statements of uncontested material facts, one for each of their two summary judgment motions, supported by the appropriate references to the specific evidence

---

[3] The Hon. Magistrate Judge concluded that in Plaintiffs' 311.2 statement, fifteen (15) of the twenty-three (23) statements of fact contained no specific reference to the record, forcing the Court to "ferret" through the record. Dominguez v. Eli Lilly and Co., 958 F.Supp. 721, 727 (D.P.R.1997).

on file, under Local Rule 311.12 (See R & R, p. 4., Docket No. 84). However, **Plaintiffs' opposition was deficient, for it failed to present specific citations and make particularized references to the record**, as required by Local Rule 311.12. Therefore, pursuant to said rule, Magistrate Gelpi correctly admitted as uncontested all material facts set forth in the statement attached by Defendants. Having admitted said facts as uncontested, and the summary judgment standard properly applied, the R & R correctly concludes that brevis disposition is appropriate, and therefore, this case should be dismissed.

Nevertheless, the Court shall briefly review the merits of Plaintiffs' case, as did the Magistrate in the R & R. Pursuant to the facts proffered by Defendants in both consolidated cases, it is undisputed that the Defendants fully met their threshold burden of demonstrating that the layoff plan which was implemented and which, unfortunately, resulted in the termination of plaintiffs' employment, was **politically neutral** (implemented by classification and seniority, applicable to employees affected at the waste disposal/landfill operation, Civil No. 98-1065, and those affected at the Hospital San Antonio/vehicular fleet layoff, Civil No. 99-1004). The layoff plan served essentially economic purposes. It was necessary due to a lack of funds, work shortage, reorganization, and the implementation of technological advances that the privatization of municipal services would bring about. A Notice of Classification/Seniority was sent to all municipal employees, pursuant to the official personnel records. Those that disagreed with the classification of seniority could timely object, submitting evidence, and challenge their classification. All employees were notified of their right to appeal and to reinstatement. Other measures, which clearly demonstrate Defendants' impartiality, where also taken. Therefore, it is clear that, not only the

layoff plan was neutral, but the specific manner in which it was implemented was neutral. Accordingly, once Defendants demonstrate, by preponderance of the evidence, with facts sufficient, that the basis for the adverse employment action was nondiscriminatory, they are released from liability. See Angulo-Alvarez, 170 F.3d at 249; Padilla-Garcia v. Guillermo Rodriguez, 212 F.3d 69, 74 (1st Cir. 2000). Thus, Summary Judgment is appropriate in this case.

As to two particular Plaintiffs, Seda Vasallo and Geits Rodriguez, the Court finds that their claims are time barred. Both these Plaintiffs were fully aware of the alleged discrimination well before the accrual of the one-year statute of limitations period, under 42 U.S.C. §1983. See Velazquez-Rivera v. Danzig, 234 F.3d 790, 795 (1st Cir. 2000) (restating and applying the rule that the limitations period for filing § 1983 claims is governed by the applicable state statute of limitations for personal injury actions, which is one year in Puerto Rico). Mr. Vasallo learned of her disability sometime between August or 1996, and February 1997. Nonetheless, he filed his complaint in May of 1998. Thus, even assuming he learned of his cause of action in February of 1997, it would nonetheless be bared. On the other hand, Ms. Rodriguez learned of her alleged discriminatory denial of her petition to a permanent position sometime in 1996.[4] However, she did not file her complaint until January 5, 1999. Clearly, her action under §1983 is time barred. Hence, summary judgment against them is granted.

IV

---

[4]It is well known that transitory employees generally do not have property interest protected by due process clause in continued employment beyond their yearly contractual terms of appointment. See generally Pagan-Cuebas v. Vera-Monroig, 91 F.Supp.2d 464 (D.Puerto Rico 2000).

In conclusion, in light of the above, the Court is satisfied that there is **no plain error** on the face of the record, Magistrate Gelpi's R & R is **ADOPTED** *in toto*. **WHEREFORE**, the Court hereby **GRANTS** Defendants' motions (Docket Nos. 62, 63 & 64). The consolidated cases, Civil No. 98-1065 (DRD), Civil No. 98-1557, Civil No. 98-1477, and Civil No. 99-1004 are **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of March, 2002.

**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

N \98-1065 R&R,dismissal.wpd