UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANTONIA ROSADO, et als.,
    Plaintiffs,
v.

JOSE GUILLERMO RODRIGUEZ, et al.,
    Defendants.

CIVIL NO. 98-1065 (DRD)
Consolidated with Civil No. 98-1557; Civil No. 98-1477; and Civil No. 99-1004

## OPINION AND ORDER

Pending before the Court is plaintiffs' Motion Requesting Relief from Judgment. (Docket No. 88). On March 28, 2002, the Court issued order and judgment dismissing the complaint with prejudice. (Docket Nos. 86 & 87). The Court did so after reviewing a Report and Recommendation (R & R) issued by Magistrate Judge Gustavo Gelpi (Docket No. 84), and adopting his recommendation *in toto*. Thus, on April 17, 2002, plaintiffs filed this motion for reconsideration, under Fed.R.Civ.P. 60(b)(6). For the reasons stated below, plaintiffs' motion is hereby **DENIED**.

I

At the outset, the Court notes that plaintiffs are requesting reconsideration pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (See Docket No. 88, p.2.). A motion for relief from a judgment under Rule 60(b) is generally addressed to the discretion of the Court. Torre v. Continental Ins. Co., 15 F.3d 12, 14-15 (1st Cir. 1994)(motions under Rule 60(b) are "committed to the court's sound discretion"). Specifically, "[t]o justify relief under subsection (6), a party must show extraordinary circumstances suggesting that the party is faultless in the delay." Pioneer Inv.

Servs. Co. v. Brunswick Assoc., 507 U.S. 380, 393, 113 S.Ct. 1489 (1993)(internal quotation marks omitted). That is, under this subsection, a party must be blameless. However, the First Circuit Court has cautioned that since subsection (6) "is designed as a catch-all, . . . relief under that subsection 'is only appropriate where subsections (1) through (5) do not apply.'" Claremont Flock Corporation v. Alm, 281 F.3d 297, 299 (1st Cir. 2002). Accordingly, the Court must examine whether subsections (1) thru (5) are not applicable. After evaluating plaintiffs contentions, the Court finds that plaintiffs should have invoked subsection (1), instead of subsection (6),[1] because they gist of the issues being raised in their motion essentially require the Court to examine whether there has been "mistake, inadvertence, surprise, or excusable neglect." See Fed.R.Civ.P. 60(b)(1). Thus, notwithstanding plaintiffs have invoked subsection (6), the Court shall apply subsection (1). See Davila-Alvarez v. Escuela de Medicina, 257 F.3d 58, 67 (1st Cir. 2001)("Rules 60(b)(1) and 60(b)(6) are mutually exclusive").

As stated above, Fed.R.Civ.P. 60(b)(1) allows a Court to relieve a party or a party's legal representative from final judgment, upon such terms that are just, for mistake, inadvertence, surprise, or excusable neglect. Case law from the First Circuit Court of Appeals requires courts faced with a motion under Rule 60(b)(1) to make an "evaluation of what constitutes excusable neglect in an equitable determination, taking into account the entire facts and circumstances . . . ." Davila-Alvarez, 257 F.3d at 64. In other words, the Court must ascertain whether the neglect exhibited by

---

[1] Relief under subsection (6) is generally provided when there has been "improper conduct of the party in whose favor it was rendered or [when] the judgment resulted from excusable default of the party against whom it was directed under circumstances going beyond the [first five] clauses of the rule." 11 Wright & Miller, Federal Practice and Procedure § 2864 (1973). Accordingly, under Rule 60(b)(6), the law generally requires "a very special showing by the moving party . . . ." Id. § 2857.

2

the party or a party's legal representative "could fairly be termed inexcusable . . . ." Id. Lastly, it is important to note that "[a]lthough many courts have indicated that Rule 60(b) motions should be granted liberally, th[e First]Circuit has taken a harsher tack." Id. At 63-64 (footnote omitted). In sum, "[b]ecause Rule 60(b) is a vehicle for 'extraordinary relief,' motions should be granted 'only under exceptional circumstances.'" Torre, 15 F.3d at 14-15 (quoting Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986)).[2]

## II

The Court dismissed this case, back in March of 2002, after considering and reviewing an unopposed R & R. The R & R, which was issued on March 14, 2002, essentially recommended that the complaint be dismissed in its entirety. Furthermore, the R & R specifically pointed out that any objections to the R & R should have been filed with the Clerk of the Court "within ten (10) days after being served with a copy thereof." Local Rule 510.2(A); see also 28 U.S.C. § 636(b)(1). Counsel for plaintiffs, however, failed to file any timely objections.

Instead, counsel filed a motion requesting an extension of time, which was denied. In his motion he alleged that he would be unable to file any objections within the ten-day deadline because he was busy attending to a trial, in another case, in local court. This, notwithstanding the fact that the Court had categorically forewarned him, since the case was referred to Magistrate Gelpi, in November 2, 2002, that no extensions were going to be granted. See Docket No. 82. The order referring the summary judgment matter for report and recommendation advised all parties that they

---

[2] The two most important considerations under Rule 60(b) are, on the one hand, the desirability of deciding disputes on their merits, and on the other hand, the importance of finality as applied to court judgments. See Davila-Alvarez, 257 F.3d at 64.

3

had ten (10) days to object to the R & R: "The parties are reminded that any objections to the Magistrate's Report and Recommendation must be filed with the Clerk of the Court 'within ten (10) days after being served with a copy thereof.'" Docket No. 82 (quoting Local Rule 510.2). And immediately following this instruction, the order specifically forewarned, in bold, capital letters, that "**NO EXTENSIONS SHALL BE GRANTED.**" See Docket No. 82. Thus, counsel for plaintiff cannot successfully argue that he was surprised by the Court's denial. Furthermore, the law clerk placed a call to his office, prior to the expiration of the ten-day deadline, reminding him that no extensions would be granted. Thus, it was no surprise that his motion requesting an extension was denied, through a marginal order.

In any event, the Court must underscore that, pursuant to Local Rule 510.2, counsel for plaintiffs did not have ten (10) **calendar** days to file his objections; he had more. The Federal Rules of Civil Procedure provides that:

> In computing any period of time prescribed . . . by local rules . . . . The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . in which event the period runs until the end of the of the next day which is not one of the aforementioned days. **When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.**

See FED.R.CIV.P. 6(a)(emphasis added). Here, the R & R was issued on March 14, 2002. Docket No. 84. Ten (10) calendar days would have required him to file objections on or before March 24, 2002 (a Sunday). But with the exclusion of weekend days and holidays, under Rule 6, plaintiffs' counsel in reality had a full two (2) weeks or fourteen (14) days to file his objections, that is, until March 28, 2002.

Nevertheless, at the outset of his motion for reconsideration, counsel for plaintiffs revisits

4

the unacceptable argument that his busy calendar, and particularly his involvement in a trial, impeded him from complying with the ten-day term to file objections to the R & R. His argument is unacceptable, firstly, because attorneys practicing in this Court are expected to be capable of managing complex and multiple cases in an effective manner. As the First Circuit has conclusively stated,

> We do not consider the fact that an attorney is busy on other matters to fall within the definition of excusable neglect. Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences.

Pinero Schroeder v. Fed. Nat'l Mortgage Assoc., 574 F.2d 1117, 1118 (1st Cir.1978). Furthermore, this court in U.S. for Use and Benefit of Elec. Machinery Enterprises of Puerto Rico, Inc. v. Fraya, S.E., 170 F.R.D. 346 (D.P.R. 1997)(Pieras, J.), agreed, observing that "[t]he ability to manage multiple cases simultaneously, to comply with numerous filing dates, and to manage a secretarial and administrative staff in accordance with good personnel practices, is key to exercising the profession of attorney." See also Damiani v. Rhode Island Hosp., 704 F.2d 12, 16 (1st Cir. 1983)("The day has long since passed when we can indulge lawyers the luxury of conducting lawsuits in a manner and at a pace that best suits their convenience."); United States v. Fears, 450 F.Supp. 249 (E.D. Tenn. 1978) ("A fortiori the professional schedule of a busy lawyer cannot be allowed to disrupt the orderly administration of the . . . business of th[e] Court"). Thus, attorneys practicing in this Court are expected to be capable of managing complex and multiple cases in an effective manner.

The instant case, nevertheless, was not, by any means, a complex case. Rather, it was a standard, run-of-the mill, civil rights litigation. Furthermore, the First Circuit has consistently

refused to accept such excuses. In fact, a few weeks ago, that Court again rejected this excuse by stating that "[t]he fact that an attorney has other fish to fry is not an acceptable reason for disregarding a court order." See Chamorro v. Puerto Rican Cars, Inc., __ F.3d __, (1st Cir. 2002), 2002 WL 1941468 (decided August 27, 2002)(Selya, J.).[3] In any event, counsel's contention that he was deprived of any opportunity to give his side of the story fails, because he had an opportunity to properly contest the motion for summary judgment filed by defendants, through filing an opposition. However, as will be discussed, *infra*, counsel for plaintiffs failed to comply with this Court's anti-ferreting rule, Local Rule 311.12, and he thus failed to properly counter-designate a proffer of contested facts, which might have precluded summary judgment. Further, he could not intend to do so in the objections to the Magistrate's R & R, nor can he intend to do so at this Rule 60-stage. Facing *brevis* disposition, plaintiffs were required to comply with Local Rule 311.12 *ab initio*, and not when their submission was already mortally wounded. Hence, on this score, his contentions are an exercise of futility.

The second reason why plaintiffs' counsel's motion for reconsideration is unacceptable is because, before dismissing this case in March, the Court carefully and fully considered the merits of plaintiffs' allegations,[4] as stated in their complaint, as required by Fed.R.Civ.P. 12(b)(6). And it

---

[3] A recent First Circuit case buttresses the Court's conclusion of dismissing for failure to comply with local rules. See Nepsk, Inc. v. Town of Houlton, 283 F.3d 1, 5-9 (1st Cir. 2002)(granting of judgment on pleadings based on plaintiff's failure to comply with local rule requiring timely response).

[4] The Court stated that it would review the R & R under a "plain-error" standard, because it was considered unopposed. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1419 (5th Cir. 1996)(extending the deferential "plain error" standard of review to the unbelted legal conclusions of a magistrate judge)(en banc); Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. 1982)(appeal from district court's acceptance of unbelted findings of magistrate judge reviewed

is the merits of their pleadings which the Court now briefly revisits, in an effort to make an equitable determination as to whether plaintiffs' counsel committed excusable neglect, under Fed.R.Civ.P. 60(b)(1), taking into account the entire facts and circumstances. Davila-Alvarez, 257 F.3d at 64.

Counsel for plaintiffs argues that the Court erred in enforcing Local Rule 311.12. Said rule provides, in relevant part, that "[t]he papers opposing a motion for summary judgment shall include a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, **properly supported by specific reference to the record.**" Counsel for plaintiffs must be mindful that it is sanctionable to impose upon the Court "the daunting burden of seeking a needle in a haystack . . . ." See Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33 (1st Cir. 2001)("This case is a lesson in summary judgment practice"); Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 927 (1st Cir. 1983). The First Circuit Court has constantly reiterated, with reference to Rule 311.12, that "parties ignore [it] at their own peril . . . ." Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000)(citing prior cases). The "anti-ferreting" rule found in Local Rule 311.12 requires parties to properly support their respective lists of material facts "**with specific references to the record.**" Velez v. Puerto Rico Electric Power Authority, 170 F. Supp. 2d 158, 162 1st (1st Cir.2001)(emphasis added).

Plaintiffs' attorney claims that the Court should have not enforced Local Rule 311.12 in this case, because it previously "has accepted general averments in other cases," in which he was lead counsel, and which –he emphasizes– were successfully litigated on the merits. First of all, none of

---

for "plain error")(en banc); and Nogueras-Cartagena v. United States, 172 F.Supp.2d 296, 305 (D. Puerto Rico 2001). However, the Court must underscore that, from a plain reading of the Opinion and Order, it was practically considered *de novo*. See Docket No. 86.

7

the cases which he cites were presided by the undersigned. And secondly, assuming arguendo that Local Rule 311.12 was not strictly enforced in the cases he cites, those cases could, nonetheless, never be expected to be used as precedent binding the undersigning judge to follow them. The undersigned has a right to require strict compliance with this Court's local rule, notwithstanding. Indeed, a recent First Circuit case reiterates and confirms this Court's conclusion to enter judgment on the pleadings for failure to comply with local rules. See Nepsk, Inc., 283 F.3d at 5-9 (granting of judgment on pleadings based on plaintiff's failure to comply with local rule requiring timely response).

In the instant case, counsel for plaintiff ignored Local Rule 311.12 at his own peril. Ruiz Rivera, 209 F.3d at 28. In other words, the motion in opposition to defendants' motion for summary judgment completely failed to present specific citations and make particularized references to the record. Counsel for plaintiff, however, argues that the great number of plaintiffs in this case made it "difficult to handle exhibits and evidence in any other way." Docket No. 88, p.4. But the Court must reject this argument because, as stated above, attorney's who practice in this Court are expected to have the ability to handle complex cases. Pinero Schroeder, 574 F.2d at 1118. And in any event, the Court's local rules must be complied with, regardless of the attorney who is litigating, and regardless of the complexity of any particular cases. Since plaintiff failed to obey this Court's anti-ferreting rule, the Court was justified in deeming the facts presented in the movant's statement of undisputed facts as admitted. Id. ("the fact that an attorney is busy on other matters to fall within the definition of excusable neglect"). Accordingly the neglect displayed by counsel for plaintiffs cannot be considered excusable.

Moreover, on the merits, the Court is unable to accept the arguments put forth by plaintiffs' attorney. First of all, counsel for plaintiffs agrees with the conclusion reached by this Court in March in that defendants' lay-off plan was legal. See Docket No. 88, p.4. He has not contested this. But he objects to the conclusion inasmuch said "legitimate lay-off plan" –as he himself describes it– was used "to dismiss employees whom at times had been politically identified with Mr. Ferdinand Lugo [the political foe]." Id. The Court confirms and restates the legality of the lay-off plan in this case, and therefore, rejects his contention. The fact that some of the employees who were terminated happened to be politically identified with the opposition political party in the town of Mayaguez, is insufficient to accept any suggestion of illegal discrimination. Counsel for plaintiffs was required more than merely "juxtaposing a protected characteristic –someone else's politics– with the fact that plaintiff[s] w[ere] treated unfairly." Padilla-Garcia v. Rodriguez, 212 F.3d 69, 74 (1st Cir. 2000)(citations omitted). Hence, this contention failed then, and fails now again.

As to the issue of the statute of limitations being tolled, particularly with respect to co-defendants Elizabeth Gueits and Wilson Seda-Vasallo, counsel for plaintiffs, in his motion, has quoted extensively from excerpts of local case law,[5] relating to the liberal considerations of the civil law doctrine of tolling of statute of limitations in tort cases.[6] Nevertheless, while it is true that, according to Puerto Rico's Supreme Court, controversies as to whether the statute of limitations for torts has been tolled are generally interpreted in a favorable manner to plaintiffs, such flexible and

---

[5] The Court is mindful that the procedure and the grounds for setting aside a federal judgment, are entirely a matter of federal law, on which state law may be disregarded. Johnson Chem. Co. v. Condado Center, Inc., 453 F.2d 1044 (1st Cir. 1972).

[6] Specifically, he cited extensively to the recently issued opinion in Santiago Rivera v. Rios Alonso, 2002 T.S.P.R. 15, 156 D.P.R. __ (issued on February 7, 2002).

liberal considerations are not always applicable.

The statute of limitation for torts in Puerto Rico "does not start to run from the occurrence of the negligent act or damage, but from the moment the damage is known." Barretto Peat, Inc. v. Luis Ayala Sucrs., Inc., 896 F.2d 656, 658 (1st Cir. 1990) (quoting Rivera Encarnacion v. Estado Libre Asociado de Puerto Rico, 113 D.P.R. 383, 385 (1982)). To determine the point at which a plaintiff should be held responsible for the required level of awareness, a court should look to "whether plaintiff knew or with the degree of diligence required by law would have known whom to sue." Kaiser v. Armstrong World Indus., 872 F.2d 512, 516 (1st Cir. 1989). "Once a plaintiff is made aware of facts sufficient to put her on notice that she has a potential tort claim, she must pursue that claim with reasonable diligence, or risk being held to have relinquished her right to pursue it later, after the limitation period has run." See Rodriguez-Suris, 123 F.3d at 16 (citing Villarini-Garcia, 8 F.3d 81, 85 (1st Cir. 1993)). However, as the Supreme Court of Puerto Rico admonished recently, in Vega v. J. Perez & Cia., Inc., 135 D.P.R. 746, 755 (1994), 1994 WL 909638 (P.R.), even though the rule on prescription is flexible, and generally favors plaintiffs, "**if the lack of knowledge which impedes him from exercising the cause of action is due to plaintiff's lack of diligence, then the liberal considerations of the civil law doctrine of prescription [tolling] are no longer applicable.**" Id. (quoting Lopez v. Autoridad de Carreteras, 133 D.P.R. 243 (1993)(emphasis added), and J.M. Manresa y Navarro, Comentarios al Codigo Civil Espanol, Madrid, Ed. Reus, 1973,T.XII,pp.1224-1225)(translation provided). Thus, on this score, the Court shall not reconsider the dismissal of this case.

### III

After taking into account the entire facts and circumstances, Davila-Alvarez, 257 F.3d at 64, the Court has simply failed to find any excusable neglect entitling plaintiffs to be relieved from the judgment that dismissed their complaint. Wherefore, the Court hereby **DENIES** plaintiffs' Motion Requesting Relief from Judgment, under FED.R.CIV.P. 60(1). Docket No. 88.

**IT IS SO ORDERED**.

Date: September 10, 2002

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE